UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff/Respondent,<br><br>    v.<br><br>JOSE JESUS REYES-GALLAGA VARGAS,<br><br>                Defendant/Petitioner. | No. 2: 11-cr-00459-KJM-1<br><br><br>ORDER |

On July 31, 2013, petitioner Jose Jesus Reyes-Gallaga Vargas pled guilty to (1) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) ("Count 1"), and (2) dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) ("Count 5"). *See* ECF Nos. 39, 41. In its presentence investigation report, the U.S. Probation Office recommended the court impose a two-point enhancement under United States Sentencing Guideline ("USSG") § 2D1.1(b)(1), which provides, "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." *See* ECF No. 43 (sealed). On December 4, 2013, this court sentenced petitioner to imprisonment for a term of 120 months on Count 1 and a term of 60 months on Count 5, to be served concurrently for a total term of 120 months. ECF No. 50.
/////

The court entered judgment on December 10, 2013. ECF No. 51. On March 1, 2016, the court granted petitioner's motion under 18 U.S.C. § 3582(c)(2), reducing petitioner's 120 month sentence to 108 months. ECF No. 72.

On June 27, 2016, petitioner filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, challenging the two-point USSG § 2D1.1(b)(1) enhancement applied in his sentencing. ECF No. 73. In his motion, petitioner argues (1) the sentence enhancement was erroneously applied in light of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 2555 (2015), and (2) petitioner's counsel in his direct appeal failed to raise the *Johnson* issue, and thus provided ineffective assistance of counsel. ECF No. 73 at 4-6. The court referred the motion to the Office of the Federal Defender. ECF 76. Because petitioner ultimately elected to pursue the motion without counsel, ECF No. 82, the court denied as moot petitioner's motion for appointment of counsel, ECF No. 84. On May 30, 2017, while the current motion was pending, petitioner filed a second § 2255 motion. *See* ECF No. 87. On October 16, 2017, the United States of America moved to dismiss petitioner's second § 2255 motion, or, in the alternative, moved for an extension of time to respond. ECF No. 91.

I. Discussion

    A. *Johnson v. United States*

*Johnson* held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"), imposing a minimum 15-year sentence for individuals with three or more prior "violent felony" convictions, is unconstitutionally vague and violates due process. *See* 135 S. Ct. at 2557–60. The "residual clause" defined "violent felony" to include a felony that "involves conduct that presents a serious potential risk of physical injury to another." *See id.* at 2557 ("violent felony" clause rendered unconstitutionally vague because it "leaves grave uncertainty about how to estimate the risk posed by a crime"). The *Johnson* decision applies retroactively. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016).

Here, petitioner argues his USSC § 2D1.1(b)(1) sentence enhancement fails for vagueness and violates his due process rights under *Johnson*. ECF No. 73 at 4. The record does not support petitioner's argument. The court imposed petitioner's sentence after faithful

application of the USSG and without reference to the ACCA. *See* ECF No. 43 at 8 (sealed presentence investigation report applying 2-level enhancement under USSG 2D.1.1(b)(1)). *Johnson* and its progeny thus have no effect on petitioner's sentence. *See United States v. Garcia-Chavez*, No. 2:09-CR-00407-KJM-4, 2017 WL 3720364, at *2 (E.D. Cal. Aug. 29, 2017) (rejecting *Johnson* claim where no ACCA enhancement applied); *Barajas v. United States*, No. 13– 0026, 2016 WL 4721481, at *2 (E.D. Cal. Sept. 8, 2016) (same); *Rubino-Zamora v. United States*, 11–223, 2016 WL 4505750, at *2 (N.D. Tex. Aug. 29, 2016) (same); *United States v. Johnson*, No. 15–006, 2016 WL 2869774, *3 (D. Mont. May 16, 2016) (*Johnson* inapplicable to case when, inter alia, "[n]othing in this case involved a 'residual clause' or a 'crime of violence'" under the ACCA). The court's application of the enhancement does not run afoul of *Johnson*.

B. <u>Ineffective Assistance of Counsel</u>

In relevant part, the Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Here, petitioner has not demonstrated *Johnson* applies to his sentence. Accordingly, his ineffective assistance of counsel claim premised on his attorney's failure to invoke *Johnson* on direct appeal cannot survive.

C. <u>Petitioner's Second Motion under 28 U.S.C. § 2255</u>

Petitioner filed a second motion under 28 U.S.C. § 2255 while the current motion was pending. *See* ECF No. 87. "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless [the petitioner] meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). Under the statute:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

/////

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner's second motion does not indicate he complied with the § 2255(h) certification requirement. Accordingly, the court lacks jurisdiction to consider defendant's second § 2255 motion and dismissal is required. *See id.* at 1065.

IT IS HEREBY ORDERED:

1. Petitioner's 28 U.S.C. § 2255 petition (ECF No. 73) is DENIED.
2. Petitioner's second 28 U.S.C. § 2255 (ECF No. 87) petition is DENIED.
3. The United States of America's motion to dismiss petitioner's second 28 U.S.C. § 2255 motion, or in the alternative, motion for extension of time to respond (ECF No. 91), is DENIED as MOOT.

DATED: November 8, 2017.

_____
UNITED STATES DISTRICT JUDGE